UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PIERCE GROUP ENDOWMENT CARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KASTLE ENTERPRISES, LLC, et al., <br><br> Defendants. | CASE NO. C22-5130 BHS <br><br> ORDER OF REMAND |

THIS MATTER is before the Court on Plaintiffs Pierce Group Endowment Care Fund and The Pierce Group Inc.'s (collectively "Pierce Group") Motion to Remand, Dkt. 6. Pierce Group sued in Cowlitz County Superior Court in August, 2021, seeking to judicially foreclose on pledged assets held or owned by Kastle Enterprises, LLC; its sole governor or manager, Michael Kuehner; Olympic Trust, an "unincorporated pure contract trust organization;" and Olympic's Trustee, Emiel Kandi. Dkt. 1-3.

Defendants removed the case here on March 3, 2022, asserting that the Court had diversity jurisdiction over the case because plaintiffs sought over $2,265,000. Dkt. 1. It alleged that, based on his mailing address, Kuehner was a citizen of Oregon or Nevada;

ORDER - 1

and that as a Nevada LLC, Kastle was a citizen of Nevada. *Id.* at 4. Defendants contend that all the plaintiffs and their members (and apparently counterclaim defendants) are citizens of Washington. *Id.* Defendants' Notice of Removal reiterated that Olympic is "an Unincorporated Pure Contract Trust Organization" but it makes no assertion as to Olympic's citizenship, and it does not address the citizenship of Olympic's Trustee, Emiel Kandi. *Id.* at 5.

The Notice also asserts that the removal was timely because although Kastle and Kuehner were served more than 30 days prior to removal, the plaintiffs have yet to effect service on Olympic—it claims "Olympic Trust again DENIES that proper service has occurred[.]" *Id.* at 3.

Pierce Group seeks remand, arguing that the removal was untimely, because Kandi was properly served as Olympic's Trustee August 19, 2021, Dkt. 6-1 at 2, and that the Court does not have diversity jurisdiction because whatever the citizenship of Olympic, its Trustee, Kandi, is undeniably a citizen of Washington. Dkt. 6.

Defendants respond[1] factually that Kandi was never served, and legally that the Olympic unincorporated Pure Contract Trust is a citizen of Nevada, not Washington. Dkt. 8.

The issues are addressed in turn.

---

[1] After Pierce Group replied, Dkt. 11, Defendants' counsel filed an "affidavit" that is nothing more than new legal argument. Dkt. 13. Pierce Group filed a second reply, Dkt. 14, asking the Court to strike this improper filing; pointing out that Olympic now claims for the first time that it is a Massachusetts Trust; and arguing none of the new arguments alter the clear conclusion that Olympic's citizenship is that of its trustee, Kandi, which is Washington. The Court agrees on all points. The affidavit, Dkt. 13, is STRICKEN.

## I. DISCUSSION

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998), and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. *Id.* The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Id.* It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566.

### A.      Removal was untimely.

Pierce Group asserts that all Defendants were served in August 2021, and that their March 2022 removal was untimely under 28 U.S.C. § 1446(b)(1). Dkt. 6 at 2. Olympic and Kandi assert that because they were never properly served, their removal (to which Kastle and Kuehner assent) is timely. Dkt. 8 at 2. This claim is based on the Affidavit[2] of Michael Kuehner, which asserts that the service processor attempted to serve him, not Emiel Kandi, in Tacoma. Dkt. 8-1 at 2 ("I can personally attest that when the process server dropped the documents outside the gate at 7502 North 15th, Tacoma, WA 98406, Emiel Kandi was NOT present, I was and I specifically rejected service."). Kuehner thus disputes the factual accuracy of the service processer's affidavits, Dkts. 6-

---

[2] This document includes a "Memorandum of Seal," the import of which is not apparent. Dkt. 8-1 at 4–6. If it is a request to place the document under seal, it is DENIED.

ORDER - 3

1, which testify that she served Kandi and Olympic at that address at 6:16 p.m. on August 21, 2021.

Pierce Group replies that Kuehner's affidavit is self-serving. Dkt. 11 at 3. It argues that its process server's affidavit of service is prima facie evidence of proper service, shifting the burden to defendants to show by clear and convincing evidence that service was irregular. *Id.* at 2. (citing *Woodruff v. Spence*, 88 Wn. App. 565, 571 (1997)). It argues that Kuehner has not explained why he was at Kandi's residence while Kandi was not, and that he has not demonstrated that he was in Tacoma at that time (by providing plane tickets, for example; he lives in Nevada). It also points out that the person claiming he was never served has not so testified: Kandi himself does not testify that he was *not* served on Olympic's behalf. There is no evidence supporting that specific contention.

The Court agrees that the Defendants have not met their burden of demonstrating that service was irregular. The removal occurred far more than 30 days after service, and it was not timely.

**B.     Olympic is a Washington citizen.**

In any event, none of defendants' filings address the apparently fatal flaw in this Court's subject matter over this case; the undisputed fact that Kandi is Olympic's trustee, no matter what sort of trust it is, and that Kandi is a Washington citizen. The citizenship of a trust for diversity purposes is the citizenship of its trustee. *Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 382–83 (2016). The parties are not diverse under 28 U.S.C. § 1332, as a matter of law. The Court does not have subject matter jurisdiction over this case.

Plaintiff Pierce Group's Motion to Remand, Dkt. 6, is GRANTED. The case is REMANDED to the Cowlitz County Superior Court.

**IT IS SO ORDERED.**

Dated this 16th day of May, 2022.

*(signature)*
BENJAMIN H. SETTLE
United States District Judge